# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| DANIEL METAGUE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WOODBOLT DISTRIBUTION, LLC, d/b/a NUTRABOLT, <br><br> Defendant. | Civil Action No. 8:20-cv-02186-PX |

## DEFENDANT'S MOTION FOR RECONSIDERATION

On June 25, 2021, the Supreme Court issued its decision in *TransUnion LLC v. Ramirez*, No. 20-297, 2021 WL 2599472 ("*Ramirez*"), which has direct bearing on Plaintiff's claims in this action as set forth in the Court's Memorandum Opinion (Doc. 24) (the "Opinion"). The *Ramirez* Court was tasked with determining in what circumstances a class action Plaintiff may assert Article III standing on behalf of absent class members. The Court explained,

> For standing purposes . . . an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law . . . under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court. As then-Judge Barrett succinctly summarized, "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions."

*Ramirez*, 2021 WL 2599472, at *8 (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 332 (7th Cir. 2019) (emphasis in original).

1

As relevant here, the Supreme Court's holding in *Ramirez* overrules the Fourth Circuit's decision in *Mayor of Baltimore v. Actelion Pharms. Ltd.*, 995 F.3d 123 (4th Cir. 2021). In *Mayor of Baltimore*, which this Court relied on in the Opinion, the Fourth Circuit held that state statutory counts other than those from which the named plaintiff may claim "may be considered in determining whether the plaintiffs' claims raise 'questions of law or fact common to the class' and whether these are 'typical of the claims or defenses of the class,' Fed. R. Civ. P. 23(a), and also whether the common questions 'predominate,' Fed. R. Civ. P. 23(b)(3)." *Id.* at 134. As is now clear based on *Ramirez*, in *Mayor of Baltimore*, the Fourth Circuit mistakenly reckoned that deciding whether the class had been injured should be postponed to the class certification stage. Following the Supreme Court's decision in *Ramirez*, that holding no longer carries force because as the Supreme Court noted, such a deferral of claims runs in the face of Article III standing.

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)). As Justice Kavanaugh explained last month, "[t]o have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered a concrete harm. No concrete harm, no standing." *Ramirez*, 2021 WL 2599472, at *3. Plaintiff here lacks concrete harm and therefore has no standing.

On June 16, 2021, in granting in part Defendant Woodbolt Distribution, LLC's ("Woodbolt") Motion to Dismiss, this Court rightly concluded that Plaintiff lacks Article III standing to pursue his individual claim as to Count VII, Unfair and Deceptive Practices Under Other States' Laws. Doc. 24, pp. 12-13. The Court explained,

> with respect to Metague pursuing the claims individually, although he demonstrates sufficient injury that is both caused by Woodbolt and redressable, he cannot demonstrate that such injury satisfies the statutory requirements of the laws of the States which he is invoking. As a citizen and resident of Montgomery County, Maryland who purchased XTEND only in Maryland, Metague cannot plausibly pursue consumer protection claims in states other than Maryland.

(Cleaned up) (quotations omitted).

As the Court correctly noted, Plaintiff does not have Article III standing to pursue his claim for purported violations of statutes of states other than Maryland. As the Court further explained, Plaintiff has not yet shown that he has Article III standing to pursue this Count on behalf of any other Class members. The Supreme Court's binding precedent confirms that without a showing of Article III standing at the outset, a plaintiff's claim must be dismissed. As Justice Kavanaugh explained, "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation **may sue that private defendant over that violation in federal court**." *Ramirez*, at *8 (italics in original) (boldface added). Plaintiff cannot be harmed in the context of any state statute if he lacks standing to pursue claims under that statute.

A plaintiff making a showing of Article III standing through concrete harm under a statute is a prerequisite to "su[it] . . . over that violation in federal court." *Id.* Such a showing may not be postponed to the class certification stage, or any other stage of a proceeding. Instead, that showing must be made now. Plaintiff has failed to make any showing of harm as to the consumer protection statutes of the 32 states or the District of Columbia alleged in the Amended Complaint. (Doc. 24 at 13.)

This motion is timely.

> Motions for reconsideration of an interlocutory order are governed by Federal Rule of Civil Procedure 54(b), under which "any order . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Thus, when warranted, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final

> judgment. Resolution of the motion is committed to the discretion of the district court, and the goal is to reach the correct judgment under law."

*Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013) (quotations and citations omitted).

The Supreme Court's *Ramirez* decision should compel the Court to revisit its decision denying Defendant's Motion to Dismiss Count VII of Plaintiff's Amended Complaint. *Ramirez* serves up the question that the Court must answer here as to Plaintiff's claims under Count VII: "'what's it to you?'" *Ramirez*, 2021 WL 2599472, at *6. "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to revolve.'" *Id*. (Quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)). The Court has already concluded that Plaintiff himself has no Article III standing to pursue the claims alleged in Count VII. Plaintiff has failed to make a *prima facie* showing that *any* purported members of a supposed class have Article III standing. Further, Plaintiff has failed to make a showing of concrete harm. "No concrete harm, no standing." *Id.* at *3. Speaking of the limits of standing as explicated in *Spokeo v. Robins*, 578 U.S. 330, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016), the Supreme Court noted that federal courts should not permit open-ended invitations based on loosened Article III standards.

Because Plaintiff lacks standing to pursue Count VII of his Amended Complaint, *Ramirez* dictates that Count VII be dismissed. Defendant therefore respectfully requests that the Court reconsider its prior decision in part, dismissing Count VII of Plaintiff's Amended Complaint, in full and with prejudice.

Dated: July 8, 2021	Respectfully Submitted,

*/s/ Bezalel A. Stern*
Bezalel A. Stern (MD Bar No. 20667)
bstern@kelleydrye.com
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street NW
Washington, DC 20007
Telephone: (202) 342-8422
Facsimile: (202) 342-8451

- and –

Geoffrey W. Castello (admitted *pro hac vice* )
gcastello@kelleydrye.com
KELLEY DRYE & WARREN LLP
NJ Attorney ID No. 021091995
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950

*Counsel for Defendant Woodbolt Distribution, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on July 8, 2021, I electronically filed a true and correct copy of the foregoing Motion for Reconsideration with the Clerk of the Court for the United States District Court, District of Maryland, by using the CM/ECF system, thereby providing the foregoing document to Plaintiff's counsel.

<u>/s/ Bezalel A. Stern</u>
Bezalel A. Stern
